UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ESTEBAN SOSA CHAVEZ, | Case No. 17-cv-06481-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA, et al., | Re: ECF No. 17, 19, 44, 53 |
| Defendants. | |

## INTRODUCTION

On November 12, 2016, plaintiff Esteban Sosa Chavez was arrested by the Newark Police Department ("NPD") and jailed by Alameda County for three days pursuant to a bench warrant issued by the California Superior Court in Alameda County. According to Mr. Chavez, there was no basis for the authorities to arrest or detain him. Mr. Chavez alleges that the Superior Court has been using unreliable case-management software that is prone to making errors, that it issued the bench warrant against him in error, and that his arrest was unjustified and violated his rights.

Mr. Chavez filed this action against (1) the Superior Court and Superior Court clerk Marjorie Fong, who issued the bench warrant (collectively, the "Court Defendants"), (2) the City of Newark and NPD Sergeant Vince Kimbrough, who arrested Mr. Chavez pursuant to the bench warrant (collectively, the "Newark Defendants"), and (3) the County of Alameda, County Sheriff Gregory

Ahern, and County jail technicians Patricia Baity and Jeff Corey (collectively, the "Alameda Defendants"). Mr. Chavez brings claims:

(1) against all defendants under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights,

(2) against the Superior Court, the City of Newark, the County of Alameda, and Sheriff Ahern for municipality liability under the doctrine of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978),

(3) against the City of Newark, Sergeant Kimbrough, the County of Alameda, Ms. Baity, and Mr. Corey for false imprisonment,

(4) against all defendants under California's Bane Act, Cal. Civ. Code § 52.1,

(5) against the City of Newark and Sergeant Kimbrough for assault and battery,

(6) against all defendants for negligence, and

(7) against all defendants for negligent infliction of emotional distress.

The defendants moved to dismiss the complaint. The Court Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Mr. Chavez's claims against them are barred by the Eleventh Amendment to the U.S. Constitution and the court therefore lacks subject-matter jurisdiction over those claims. All of the defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The court finds this matter suitable for determination without oral argument. N.D. Cal. Civil L.R. 7-1(b). The court grants the defendants' motions, as follows. The court dismisses with prejudice Mr. Chavez's claims against the Court Defendants as barred by the Eleventh Amendment. The court dismisses without prejudice Mr. Chavez's Section 1983 claims against the other defendants for failure to state a claim and declines to exercise pendent jurisdiction over Mr. Chavez's state-law claims. The court grants Mr. Chavez leave to file an amended complaint against the non-Court Defendants within 21 days of the date of this order.

# STATEMENT[1]

## 1. The Superior Court's Electronic Case-Management System

On August 1, 2016, the California Superior Court in Alameda County replaced its case-management system with new software.[2] Mr. Chavez alleges that the new case-management system is not an efficient or reliable tool.[3] Since the implementation of the new software, the Alameda County Public Defender's Office has learned of dozens of cases where people have been wrongfully arrested, detained in jail when they should have been released, or erroneously told to register as sex offenders when they were not convicted of sex crimes.[4] The frequency of these reported errors caused the Alameda County Public Defender to file hundreds of identical motions asking the Alameda County court to keep accurate records.[5] Similar well-publicized problems have been reported in 25 other California counties with contracts to use the same case-management software.[6] Mr. Chavez alleges that the Superior Court in Alameda County continues to use this system despite knowing these issues and has failed to comply with the statutory duty of the court clerk to "keep the minutes and other records of the court" and to record court proceedings in a complete, accurate, and contemporaneous manner.[7]

## 2. Mr. Chavez's Arrest

On April 16, 2016, Mr. Chavez was arrested in Newark for misdemeanor charges.[8] One of the NPD law enforcement personnel involved in this arrest was NPD Sergeant Vince Kimbrough.[9]

---

[1] Unless otherwise noted, the facts recited in the Statement are allegations from the Complaint.

[2] Compl. – ECF No. 1 at 4 (¶ 23). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[3] *Id.* at 5 (¶ 31).

[4] *Id.* at 4 (¶ 24).

[5] *Id.* (¶ 25).

[6] *Id.* (¶ 26).

[7] *Id.* at 4–5 (¶¶ 27–28).

[8] *Id.* at 5 (¶ 34).

[9] *Id.* (¶ 35).

The charges against Mr. Chavez were filed in Fremont criminal court as case number 261016.[10]

Mr. Chavez faithfully attended his court dates in Alameda County in his case.[11]

On November 7, 2016, Marjorie Fong, a clerk at the Superior Court for Alameda County issued a bench warrant for Mr. Chavez for failure to appear at court that day, despite the fact that Mr. Chavez's case was not actually on calendar for November 7.[12] At about 5:45 p.m. that day, the NPD came to Mr. Chavez's house to look for him.[13] Mr. Chavez's domestic partner's daughter answered the door and told the NPD that Mr. Chavez at work.[14] The NPD said that they would be back.[15]

On November 12, 2016 at approximately 11:00 a.m., Mr. Chavez and his domestic partner drove up to their apartment complex and stopped to chat with a neighbor.[16] Two NPD patrol cars then entered the apartment complex parking lot.[17] Sergeant Kimbrough and another NPD officer got out of the cars, approached Mr. Chavez, and told him that he missed his court date and that they had a warrant for his arrest.[18] Sergeant Kimbrough and the other officer arrested and handcuffed Mr. Chavez in front of his family (his domestic partner, his partner's daughter, and his two daughters in common with his partner) and his neighbors.[19] Mr. Chavez and his partner's daughter told Sergeant Kimbrough and the other officer that this was a mistake and that Mr. Chavez had attended all of his court dates, and asked the officers to check their records.[20] Sergeant

---

[10] *Id.*
[11] *Id.* at 6 (¶ 37).
[12] *Id.* (¶¶ 41–42).
[13] *Id.* (¶ 43).
[14] *Id.* (¶¶ 43–44).
[15] *Id.* (¶ 45).
[16] *Id.* at 6–7 (¶ 48).
[17] *Id.* at 7 (¶ 49).
[18] *Id.*
[19] *Id.* (¶¶ 51–52, 56–58).
[20] *Id.* (¶¶ 53–54).

Kimbrough and the other officer did not investigate the possible validity of Mr. Chavez's claims.[21] The NPD took Mr. Chavez and booked him at 1:54 p.m. that day at the Santa Rita Jail.[22]

The "jail printout" for Mr. Chavez's 261016 case showed that a judge had set $15,000 bail for Mr. Chavez, with an arraignment set for November 15, 2016.[23] Mr. Chavez's counsel called the Santa Rita Jail the day that Mr. Chavez was arrested.[24] Jail technician Patricia Baity answered and confirmed to counsel the information found on the jail printout.[25] Counsel explained to Ms. Baity that this information was in error, that Mr. Chavez had no warrant for his arrest, and that he had upcoming court dates.[26] Ms. Baity told counsel that Mr. Chavez would have to wait until his court date to be released.[27] Counsel then spoke to jail technician Jeff Corey.[28] Mr. Corey could not tell counsel whether the warrant for Mr. Chavez was an arrest warrant or a bench warrant.[29] Counsel told Mr. Corey that this was in error and that Mr. Chavez had upcoming scheduled court dates.[30] Mr. Corey told counsel to "call the court with any questions" and said "there is nothing we can do."[31]

Counsel also called the NPD and spoke to a person identified as Dispatcher 14.[32] Counsel explained what had happened and asked to speak to someone about it.[33] Dispatcher 14 told counsel that Sergeant Kimbrough would call counsel.[34] Sergeant Kimbrough called counsel

---

[21] *Id.* (¶ 55).
[22] *Id.* at 8 (¶ 62).
[23] *Id.* (¶ 68).
[24] *Id.* (¶ 70).
[25] *Id.* at 9 (¶ 71).
[26] *Id.* (¶ 72).
[27] *Id.* (¶ 73).
[28] *Id.* (¶ 74).
[29] *Id.*
[30] *Id.* (¶ 75).
[31] *Id.*
[32] *Id.* (¶ 77).
[33] *Id.* (¶ 78).
[34] *Id.* (¶ 79).

shortly thereafter and explained that on November 7, 2016, an "active NBA warrant" arose for Mr. Chavez's arrest.[35] Sergeant Kimbrough also said that the NPD "called the court and was told the warrant was good."[36] Counsel explained that the arrest was wrongful because Mr. Chavez was in compliance with his court case.[37] Sergeant Kimbrough told counsel to "call the court with questions."[38]

Mr. Chavez was held at the Santa Rita Jail from November 12, 2016 to November 15, 2016.[39] On November 15, Mr. Chavez was transported from jail to the Fremont criminal court.[40] The judge on the bench admitted that the bench warrant was issued in error and ordered Mr. Chavez to be released.[41] Mr. Chavez was ultimately released from custody in the early hours of the morning on November 16, 2016.[42]

## STANDARD OF REVIEW

### 1. Rule 12(b)(1)

The Court Defendants move to dismiss Mr. Chavez's claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

A defendant's Rule 12(b)(1) jurisdictional attack can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). This is a facial attack. The court thus

---

[35] *Id.* (¶¶ 79–80).

[36] *Id.* (¶ 82).

[37] *Id.* at 9–10 (¶ 83).

[38] *Id.* (¶ 84).

[39] *See id.* at 8 (¶¶ 62–63), 11 (¶ 102).

[40] *Id.* at 11 (¶ 102).

[41] *Id.* (¶ 103).

[42] *Id.* (¶ 105).

"accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiff[]." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

### 2. Rule 12(b)(6)

All of the defendants move to dismiss Mr. Chavez's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (some internal quotation marks omitted).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

**1. Mr. Chavez's Claims Against the Court Defendants Are Barred by the Eleventh Amendment**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'' U.S. Const. amend. XI. "'It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court.'" *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003)). California Superior Courts are agencies of the state of California. *See Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Mr. Chavez therefore "cannot state a claim against the [Alameda] Superior Court (or its employees), because such suits are barred by the Eleventh Amendment." *Id.*[43] The court dismisses Mr. Chavez's claims against the Court Defendants. Because this issue cannot be cured through additional pleading, this dismissal is with prejudice.

**2. Mr. Chavez Does Not State a Claim Under 42 U.S.C. § 1983**

    **2.1    Fourth and Fourteenth Amendment Claims**

Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" by any person acting "under color of any statute, ordinance, regulation, custom, or usage." *Gomez v. Toledo*, 446 U.S. 635, 639 (1980). Section 1983 is not itself a source for substantive rights, but rather a method for vindicating federal rights conferred elsewhere. *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under Section 1983, a plaintiff must allege: (1) the conduct complained of

---

[43] Contrary to Mr. Chavez's arguments, "[S]ection 1983 does not abrogate or 'override' the sovereign immunity of the states under the eleventh amendment." *North East Med. Servs., Inc. v. Cal. Dep't of Health Care Servs.*, 712 F.3d 461 (9th Cir. 2013) (quoting *Windward Partners v. Ariyoshi*, 693 F.2d 928, 929 (9th Cir. 1982)).

1  was committed by a person acting under color of state law; and (2) the conduct violated a right

2  secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48

3  (1988). Mr. Chavez alleges that the defendants violated his rights under the Fourth Amendment to

4  be free from unreasonable seizures and his rights under Fourteenth Amendment not to be deprived

5  of liberty without due process of law.[44]

6  Mr. Chavez was (1) arrested and (2) detained pursuant to a facially valid bench warrant issued

7  by the Superior Court. An arrest pursuant to a facially valid warrant, without more, does not state

8  either a Fourth or Fourteenth Amendment violation. *Erdman v. Cochise Cty., Ariz.*, 926 F.2d 877,

9  882 (9th Cir. 1991) ("The . . . arrest alone was not a constitutional violation because it was

10  pursuant to a facially valid bench warrant.") (citing *Baker v. McCollan*, 443 U.S. 137, 144

11  (1979)); *Manning v. Basey*, 541 F. App'x 742, 743 (9th Cir. 2013) ("[A]n arrest based on a

12  facially valid warrant is insufficient for [a Fourth Amendment] claim.") (citing *Baker*, 443 U.S. at

13  143–44); *Harvey v. City of Oakland*, No. C07-01681 MJJ, 2007 WL 3035529, at *3 (N.D. Cal.

14  Oct. 16, 2007) ("Claims under § 1983, alleging violations due to detention and jailing, are not

15  cognizable if the actions were taken subject to a facially valid warrant.") (citing *Baker*, 443 U.S. at

16  144); *see also Rivera v. City of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (no constitutional

17  violation occurred where police arrested individual pursuant to arrest warrant where individual

18  told officers that a court had cleared him but could not locate his judicial clearance form, because

19  "police are right to be wary" of such claims).

20  Detention pursuant to a facially valid warrant can ripen into a constitutional violation "'in the

21  face of repeated protests of innocence . . . over a certain amount of time.'" *Rivera*, 745 F.3d at 390

22  (quoting *Baker*, 443 U.S. at 145). "Cases holding that an incarceration violated the Due Process

23  Clause because defendants should have known the plaintiff was entitled to release fit at least one

24  of two categories: (1) the circumstances indicated to the defendants that further investigation was

---

[44] Compl. – ECF No. 1 at 12–13 (¶¶ 116, 122).

ORDER – No. 17-cv-06481-LB　　　　　　9

warranted, or (2) the defendants denied the plaintiff access to the courts for an extended period of time." *Id.* at 390–91.[45]

"[T]he 'further investigation' cases have involved significant differences between the arrestee and the true suspect." *Id.* at 391. Mr. Chavez makes no such allegation here. He does not allege that there were any differences between himself and the true subject of the warrant (e.g., mistaken identity), because, as he acknowledges, he was the true subject. He alleges that he asserted that he was innocent and the defendants should have investigated his case more thoroughly. But "a jailor need not independently investigate all uncorroborated claims of innocence if the suspect will soon have the opportunity to assert his claims in front of a judge." *Id.*; *see also Baker*, 443 U.S. at 146 ("[T]he official charged with maintaining custody of the accused named in the warrant [is not] required by the Constitution to perform an error-free investigation of such a claim."). In any event, it appears that the defendants did investigate his claims of innocence: the NPD told his counsel that they called the court, which told them that the warrant was good, and Ms. Baity told his counsel that she checked jail records, which said that a judge had imposed a $15,000-bond requirement. Mr. Chavez does not allege that any of these defendants were lying about checking records or about the fact that the records showed that Mr. Chavez was subject to arrest on a bench warrant. If there was an error, it appears to have been one made solely by the Superior Court, not by the Newark or Alameda Defendants. Mr. Chavez cites no authority to impute liability for the Superior Court's error onto the Newark or Alameda Defendants.

"The 'denied access' cases have involved significant periods of deprivation." *Id.* Here, Mr. Chavez was arrested on a Saturday and appeared before a judge, and was ordered released, the following Tuesday. Mr. Chavez cites no authority for the proposition that his detention here, for three days pursuant to what appeared to be a valid bench warrant, rises to the level of a constitutional deprivation. *Cf. Baker*, 443 U.S. at 144 (detention of individual for three days on

---

[45] "[P]ost-arrest incarceration is analyzed under the Fourteenth Amendment alone," so Mr. Chavez cannot bring a Fourth Amendment claim for his post-arrest detention. *Rivera*, 745 F.3d at 389–90 (citing cases).

ORDER – No. 17-cv-06481-LB         10

valid warrant because of mistaken identity was not a constitutional deprivation); *Erdman*, 926 F.2d at 878, 882 (detention of individual for twelve days on erroneous bench warrant was not a constitutional deprivation).

Mr. Chavez's claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment are dismissed.

### 2.2 *Monell* Claims

To impose *Monell* liability under Section 1983 for a violation of constitutional rights, a plaintiff must show that: (1) the plaintiff possessed a constitutional right of which he or she was deprived; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Plumeau v. Sch. Dist. # 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). "[M]unicipal defendants cannot be held liable [where] no constitutional violation occurred." *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994).

As discussed above, Mr. Chavez does not plead a Fourth or Fourteenth Amendment violation. Because he does not plead an underlying constitutional violation, his *Monell* claims must be dismissed as well.

### 3. The Court Declines to Exercise Supplemental Jurisdiction Over Mr. Chavez's State-Law Claims

If a court dismisses all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Mr. Chavez's remaining claims arise under state law. Mr. Chavez does not plead diversity of citizenship, and hence the court does not have original jurisdiction over these claims. In light of

these facts, and given that the litigation is at its earliest stages, the court declines to exercise supplemental jurisdiction over the remainder of Mr. Chavez's claims.

## CONCLUSION

The court dismisses with prejudice Mr. Chavez's claims against the Court Defendants as barred by the Eleventh Amendment. The court dismisses without prejudice Mr. Chavez's Section 1983 claims against the other defendants for failure to state a claim and declines to exercise pendent jurisdiction over Mr. Chavez's state-law claims.

The court grants Mr. Chavez leave to file an amended complaint against the non-Court Defendants within 21 days of the date of this order. (If Mr. Chavez files an amended complaint, he must also file a blackline of his amended complaint against his original complaint as an attachment.) If he does not do so, the court will enter judgment in favor of the defendants and will direct the clerk of court to close this case.[46]

**IT IS SO ORDERED.**

Dated: July 5, 2018

_____
LAUREL BEELER
United States Magistrate Judge

---

[46] The court also notes that Mr. Chavez's oppositions to the Newark and Alameda Defendants' motions to dismiss did not address the defendants' legal arguments or make any substantive arguments of their own. Instead, they just copied and pasted the allegations of the complaint and bookended these copied allegations with boilerplate about the standards on a Rule 12(b)(6) motion and a request for leave to amend, without any other legal argument. *See* Pl. Opp'n to Newark Defs. Mot. – ECF No. 23; Pl. Opp'n to Alameda Defs. Mot. – ECF No. 25. This is improper. *See* N.D. Cal. Civ. L.R. 7-4(a) ("[A] brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain: . . . [a]rgument by the party, citing pertinent authorities."). The court cautions Mr. Chavez that if he amends his complaint and if the defendants again move to dismiss, any briefs he files in opposition must contain substantive arguments, supported by pertinent authorities.